Gilbert **JACKSON**, Plaintiff–Appellant,

v.

Howard **JOHNSON**, Dallas Police Officer, et al., Defendants–Appellees.

No. 91–1948

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1992.

Gilbert Jackson, (pro se).

Before POLITZ, KING and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Gilbert Jackson filed a civil rights lawsuit in federal court which was dismissed for failure to exhaust Texas state court remedies. Having exhausted those remedies, he returned to federal court with a second suit, only to be told that the statute of limitations had run on his claims. We vacate the district court's judgment and remand for further factual development and consideration of a Texas tolling doctrine bearing on the statute of limitations.

## PROCEDURAL HISTORY

Jackson, a prisoner of the Texas Department of Criminal Justice, filed this civil rights lawsuit on January 17, 1991, against a Dallas police officer, two assistant district attorneys, Jackson's retained trial counsel, and a trial witness, alleging that they had conspired to present false evidence and perjured testimony in his trial for murder. Jackson alleged that he was tried on February 2, 1988 and the false evidence and perjured testimony were presented on that date.

The magistrate judge to whom the case was referred filed a report and recommendation that Jackson's suit be dismissed as frivolous because it was time-barred under the Texas statute of limitations which governs § 1983 suits. To the extent the complaint could be construed as a petition for habeas relief, the magistrate judge recommended that the action be dismissed without prejudice to Jackson's right to file a § 2254 petition.

Jackson objected to the magistrate judge's report and claimed that he had initially filed this civil rights suit in 1988, but that the suit was dismissed without prejudice on April 18, 1989, in order that he might exhaust state habeas remedies. Jackson claimed that he exhausted state

remedies and then returned to federal district court with the present civil rights suit.

Over Jackson's written objections, the district court adopted the report and recommendation of the magistrate judge. Judgment was entered accordingly, and Jackson filed a timely notice of appeal.

## DISCUSSION

■ The district court dismissed Jackson's lawsuit as time-barred. Although the defense of limitations usually must be raised by the defendants in the district court, this court may consider the defense on appeal where it has been raised *sua sponte* by the district court. *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir.1990).

■ There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. It is well established that federal courts borrow the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989); *Ali,* 892 F.2d at 439. In Texas, the applicable period is two years. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon 1958) (repealed); Tex.Civ. Pract. & Rem.Code § 16.003(a) (Vernon 1986); *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989).

■ A federal court applying a state statute of limitations should give effect to the state's tolling provisions as well. *See Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 2002–03, 104 L.Ed.2d 582 (1989); *Burrell,* 883 F.2d at 418. Although Texas law formerly considered imprisonment to be a disability which tolled the running of the statute of limitations, *see* former Tex. Rev.Civ.Stat.Ann. art. 5535 (Vernon 1967) (repealed), that was no longer the case by the time Jackson was imprisoned. The limitation period now begins to run when the cause of action accrued, or on September 1, 1987, if the cause of action accrued prior to the effective date of the statute. Tex.Civ.Pract. & Rem.Code § 16.001 (Vernon 1988).

■ Although Texas law governs the limitations period and the tolling exceptions, federal law governs when a cause of action arises. *Burrell,* 883 F.2d at 418. Under federal law, a cause of action arises " 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " *Id.* (quoting *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980)).

■ By Jackson's admission, his cause of action arose on February 2, 1988. The present lawsuit was filed on January 17, 1991, over two years after Jackson's cause of action arose. Jackson argues that because he timely filed his first civil rights complaint in this matter in 1988, the statute of limitations should not have run against him while he was pursuing his state remedies as he was directed to do by the district court.

■ Although the tolling provision previously available to prisoners is not applicable to Jackson's case, there is another Texas tolling rule which may be appropriate. Texas courts have held that as a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right. *Weisz v. Spindletop Oil and Gas Co.,* 664 S.W.2d 423, 425 (Tex.Ct.App.1983); *Walker v. Hanes,* 570 S.W.2d 534, 540 (Tex.Ct.App. 1978); *Cavitt v. Amsler,* 242 S.W. 246, 249 (Tex.Ct.App.1922).

When Jackson filed his first civil rights lawsuit in 1988, it was dismissed by the district court for failure to exhaust state remedies. Although Jackson's pleadings in the first case are not presently before this court, it is assumed that Jackson's case was dismissed for failure to exhaust because the claim was one which would undermine the validity of the state court conviction, and thus sounded in habeas. In such an instance, exhaustion of available state habeas remedies would be required before seeking § 1983 relief in federal court. *Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981).

When the above-described situation occurs, this court has cautioned the district court to "consider the effects of the Texas

statute of limitations in deciding whether to dismiss [the] complaint without prejudice or whether to hold [the] complaint in abeyance pending state proceedings." *Id.* at 375; *see also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988).

However, holding in abeyance a federal complaint by a Texas litigant to avoid limitations problems while state remedies are exhausted harbors potential difficulties. Texas has developed a "rule of habeas abstention," that is,

> whenever a petitioner seeks a writ of habeas corpus in state court, if the state court determines that a federal habeas proceeding concerning the "same matter" or seeking the same relief is presently pending, the state court may not consider the merits of the petition but must dismiss it.

*Carter v. Estelle*, 677 F.2d 427, 434–36 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *see Ex parte Green*, 548 S.W.2d 914, 916 (Tex. Crim.App.1972); *Ex parte McNeil*, 588 S.W.2d 592, 593 (Tex.Crim.App.1979); ˜*see also Bullard v. Estelle*, 708 F.2d 1020, 1021 n. 1 (5th Cir.1983); *Rumbaugh v. McKaskle*, 730 F.2d 291, 293 (5th Cir.1984), *cert. denied*, 473 U.S. 919, 105 S.Ct. 3544, 87 L.Ed.2d 668 (1985).

As a result of this rule, which appears to continue to be valid law in Texas, a federal district court might hold a case in abeyance to avoid the passage of the limitations period, and instruct the litigant to return to Texas state court to exhaust state remedies, only to have the litigant find that he cannot proceed in state court because of the federal case held in abeyance.

The solution may lie in the application of the Texas tolling rule described earlier, which would allow the federal district court to dismiss the civil rights/habeas action without prejudice and instruct the litigant to promptly pursue state remedies. The time during which the litigant is pursuing the available state remedies would toll the statute of limitations, thus allowing the litigant to return to federal court within the limitations period. This conclusion presumes, however, that the litigant promptly files any necessary state action; only the time during which the state litigation is actually pending would toll the statute of limitations. *See Moore v. El Paso County, Tex.*, 660 F.2d 586, 590 (5th Cir.1981), *cert. denied*, 459 U.S. 822, 103 S.Ct. 51, 74 L.Ed.2d 57 (1982).

Applied to the facts of this case, it would appear from the record before us (which is not complete) that Jackson's present lawsuit was timely filed. Jackson was convicted on February 4, 1988, and filed a direct appeal of his conviction to the Court of Appeals for the Fifth Judicial District of Texas in Dallas. The ruling on the direct appeal was handed down on June 21, 1989, affirming Jackson's conviction, and became final on July 21, 1989.[1] *See* Tex.Code Crim.P.Art. 44.45(b)(2) (petition for review of a decision of the court of appeals must be filed with the Court of Criminal Appeals within 30 days after the ruling of the intermediate appellate court). The statute of limitations was tolled in the first instance, then, from the date of conviction until July 21, 1989.

Almost a year elapsed before Jackson filed his state habeas action on June 26, 1990. The statute of limitations was not tolled during the period between July 21, 1989 through June 26, 1990, because no state suit was actually pending. Jackson's state habeas writ was denied by the Texas Court of Criminal Appeals on February 27, 1991, approximately five weeks after he filed the present action in federal court. Thus, the statute of limitations was also tolled during the period between June 26, 1990, and February 27, 1991. As a result, only approximately eleven months of the two-year statute of limitations period had run against Jackson by the time he filed the present lawsuit. If all these dates are correct, the present suit would be timely if, in fact, the Texas courts would apply the tolling rule described above.

---

1. There is no indication in the record that Jackson filed a petition for discretionary review of the decision in his direct appeal with the Texas Court of Criminal Appeals.

Since the record before us is incomplete, we vacate the judgment and remand for further development of the factual record in light of the applicable tolling provisions. The state should be served and given the opportunity to brief the tolling issues to the district court in the first instance, as well as to provide the district court with a complete state record from which to ascertain the precise dates of Jackson's state court actions. We suggest that the district court appoint counsel for Jackson so that his position may be adequately presented to the district court.

VACATED and REMANDED.