Gerald Christopher ZULIANI

v.

Bruce BOARDMAN, Michael Huckabay, Sergeant, Alvin Shaw, Jim Everett, Austin Police Department, Ronald Earle, Rosemary Lehmberg, Gail Van Winkle and Travis County.

Civ. A. No. A–94–CA–52 JN.

United States District Court, W.D. Texas, Austin Division.

Oct. 20, 1994.

Gerald Christopher Zuliani, pro se.

Jimmie L.J. Brown, Jr., Bledsoe, Brown, Evans & McCollough, Austin, TX, for Gerald Christopher Zuliani.

Archie C. Pierce, Wright & Greenhill, Austin, TX, for Bruce Boardman.

Wayne Meissner, Austin, TX, for Michael Huckabay.

Martha Sue Dickie, Minton, Burton, Foster & Collins, Austin, TX, for Alvin Shaw.

James Ludlum, Jr., Ludlum & Ludlum, Austin, TX, for Jim Everett.

Chester E. Beaver, City of Austin, Austin, TX, for Austin Police Dept.

Karon Y. Wright, Travis County Attorney's Office, Austin, TX, for Ronald Earle, Rosemary Lehmberg, Gail Van Winkle, Travis County.

## ORDER AND JUDGMENT

NOWLIN, District Judge.

Before the Court are Motions to Dismiss, filed by all ten Defendants, Plaintiff's Response to Defendants' Motions to Dismiss, filed on July 22, 1994, Defendant Boardman's Reply to Plaintiff's Response, filed on July 26, 1994 and Defendant Everitt's Reply to Plaintiff's Response, filed on August 2, 1994. This cause was referred to the United States Magistrate for findings and recommendations pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended, effective January 1, 1994. The Magistrate filed his Report and Recommendation on August 19, 1994. Plaintiff filed his objections to the Magistrate's Report and Recommendation on August 31, 1994. Defendant Alvin Shaw filed his Response to Plaintiff's Objections on September 22, 1994.

■ In light of the Plaintiff's objections, the Court has undertaken a *de novo* review of the entire file in this cause and is of the opinion that the Recommendation filed by the Magistrate in this cause should be modified and adopted by the Court as set out below.

## I. BACKGROUND

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging that he was subject to an unlawful arrest on or about January 3, 1990, that self-incriminating evidence was extracted from him by physical and mental assault, and that the incriminating evidence was used to obtain his conviction on January 29, 1992. Plaintiff further alleges that be-

cause of these actions, he was fired from his job, ridiculed and defamed, that he was denied due process and equal protection, that justice was obstructed, and that he was the victim of a conspiracy to deprive him of his constitutional rights. Plaintiff's complaint contains six counts against various combinations of Defendants and seeks actual and punitive damages for the alleged violations of his civil rights.

Each of the ten Defendants has moved for dismissal on the grounds that this action is barred by the applicable statute of limitations.[1] Although Plaintiff has conceded that this action was filed more than two years after accrual of his causes of action, he argues that the statute of limitations should be tolled during the time period in which he was pursuing his direct appeal, as well as his state and federal applications for habeas corpus relief. The Magistrate Judge rejected Plaintiff's argument and recommended that Plaintiff's case be dismissed with prejudice because it is barred by the statute of limitations.

## II. ANALYSIS

It is undisputed that the applicable statute of limitations period for this case is two years. *E.g., Gartrell v. Gaylor,* 981 F.2d 254, 256–57 (5th Cir.1993); Tex.Civ.Prac. & Rem.Code § 16.003(a). Furthermore, Plaintiff concedes that the limitations period began to run no later than January 29, 1992. *See Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980) (stating that the limitations period begins to run when the Plaintiff knows or has reason to know of the injury which is the basis of the action). Therefore, since more than two years have elapsed between the accrual of Plaintiff's claims and the filing of the instant action, this cause of action is time-barred unless there is an applicable tolling provision.

After reviewing the record and the applicable law, the Court finds that there is a tolling provision that is applicable to this case.[2] Under Texas law, "where a person is *prevented* from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitation have barred his right." *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992) (citing *Weisz v. Spindletop Oil & Gas Co.,* 664 S.W.2d 423, 425 (Tex.Ct. App.1983)) (emphasis added). Ordinarily, § 1983 claims do not require exhaustion and this tolling provision would be inapplicable to the present situation. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973) (holding that § 1983 claims do not require exhaustion). However, the Fifth Circuit has held that some § 1983 claims do require exhaustion where a prisoner challenges "either (1) the constitutionality of the state court conviction or sentence underlying their confinement or (2) a single allegedly defective hearing affecting eligibility for, or entitlement to, accelerated release...." *Johnson v. Pfeiffer,* 821 F.2d 1120, 1123 (5th Cir.1987) (footnote omitted) (citing *Serio v. Members of Louisiana State Bd. of Pardons,* 821 F.2d 1112, 1117 (5th Cir.1987)). In these cases prisoners "must pursue their claims *initially* through habeas corpus." *Id.* (emphasis added).

In the case at bar, several of the Plaintiff's § 1983 claims directly or indirectly challenge the constitutionality of his state court conviction and, under *Johnson* and *Serio,* Plaintiff is prevented from bringing these claims until he has exhausted his habeas remedies.[3] Therefore, the Court holds that the statute of limitations is tolled while Plaintiff completes the required exhaustion.[4]

1. In light of its ruling on the statute of limitations and exhaustion issues, the Court declines to comment on the merits of the other grounds for dismissal advanced by the Defendants.

2. Plaintiff argues that this Court should exercise its equitable power to toll limitations because this case presents an exceptional situation in which the state statute of limitations eradicates Plaintiff's rights or frustrates policies created by federal law. *See Rodriguez v. Holmes,* 963 F.2d

799 (5th Cir.1992). The Magistrate Judge found that this case is not an exceptional situation under *Rodriguez* and this Court agrees with that finding.

3. Plaintiff acknowledges that he has not exhausted his state habeas remedies.

4. It appears from the record that Plaintiff began pursuing the required exhaustion before the expi-

However, the statute of limitations is not suspended as to any claims that do not directly or indirectly challenge the constitutionality of Plaintiff's conviction and these claims will be time-barred should Plaintiff attempt to refile after exhaustion.[5] *See Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981) (holding that where a § 1983 action states a combination of claims—some of which challenge the validity of the confinement and some of which do not—the claims which challenge the validity of conviction are to await state exhaustion and those which do not are to proceed).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the United States Magistrate's Report and Recommendation filed in this cause is MODIFIED and ADOPTED by the Court.

ACCORDINGLY IT IS ORDERED, ADJUDGED AND DECREED that the above numbered and styled cause of action is hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the above numbered and styled cause of action is CLOSED and any pending motions are hereby DISMISSED AS MOOT.

ration of the statute of limitation period. The limitations period is tolled only during the pendency of these proceedings.

5. Because the issue has not been litigated or argued, the Court declines to specify at this time which of the Plaintiff's claims require exhaustion and therefore qualify for the tolling provision.