**Charlee HANNA, Plaintiff,**

v.

**GOODYEAR TIRE AND RUBBER, Defendant.**

**No. 1:97-CV-0519.**

United States District Court, E.D. Texas, Beaumont Division.

April 24, 1998.

John G. Werner, Reaud Morgan & Quinn, Beaumont, TX, for Plaintiff.

Teresa S. Valderrama, Baker & Botts, Houston, TX, for Defendant.

### MEMORANDUM OPINION

COBB, District Judge.

## I. BACKGROUND and PROCEDURAL HISTORY

On September 12, 1997, Plaintiff Charelee Hanna (Hanna) filed a complaint against defendant Goodyear Tire and Rubber (Goodyear) alleging Goodyear discriminated against her because of gender in violation of Title VII of the 1964 Civil Rights Act. Hanna was employed by Goodyear from May 25, 1995 to August 20, 1995. She filed a timely complaint with the Texas Human Rights Commission (THRC) and the Equal Employment Opportunity Commission (EEOC) on June 14, 1996, and received a 'right to sue' letter dated August 22, 1997. On March 16, 1998, Hanna moved for leave to amend her complaint to include a state law claim of intentional infliction of emotional distress. Goodyear filed a timely opposition to Hanna's motion and moved in the alternative to dismiss Hanna's state law claim pursuant to Fed.R.Civ.P. 12(c) as untimely.

## II. PARTIES' CONTENTIONS

### a. Goodyear

Goodyear urges this court to deny Hanna's motion for leave to amend her complaint. Goodyear argues the amendment would be futile because the tort claim is untimely if filed now, and furthermore is untimely even if the claim relates back to the original filing date. Goodyear points to Texas' two-year statute of limitations for a tort claim. Tex. Civ.Prac. & Rem.Code § 16.003(a); *Crittendon v. American Nat'l Ins. Co.*, 967 F.Supp. 933 (S.D.Tex.1997). Goodyear asserts the limitation period began to run or about August 20, 1995 when Hanna's employment with Goodyear was terminated and ended on August 20, 1997.

Alternatively, Goodyear argues that even if the court grants Hanna leave to file her amended complaint, this court should immediately dismiss her tort law claim pursuant to Fed.R.Civ.P. 12(c) as being untimely.

### b. Hanna

Hanna argues that the statute of limitations on the state law tort claim should be tolled because she was required to traverse a lengthy administrative process before filing a lawsuit. In support, Hanna cites *Jackson v. Johnson* 950 F.2d 263 (5th Cir.1992) which stated, "Texas courts have held that as a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Id.* at 265 (*citations omitted*).

## III. DISCUSSION

At this juncture, the court is of the opinion that justice is best served by granting Hanna leave to file her amended complaint. Hanna's tort claim reads in pertinent part:

Pleading further and in the alternative, the conduct of Eric Wright as [sic] ratified by Goodyear Tire and Rubber Management personnel amount to a deliberate infliction of severe emotional distress upon the person of the plaintiff.

Plaintiff's First Amended Complaint, ¶ XII.

From the face of the claim, it is unclear whether Hanna states her tort claim against Eric Wright, Goodyear, or both. Though it is also unclear whether Hanna advances her claim of intentional infliction of emotional distress against Goodyear under a theory of ratification or respondeat superior, this Court, for reasons stated below, is of the opinion that Hanna's claim against Goodyear is timely under either theory.

 Because the name of Eric Wright[1] is raised for the first time in this claim, the court can only surmise that Mr. Wright is, or was at the time an employee of Goodyear, and was in some way connected to the alleged Title VII violation. To the extent Han-

---

1. Eric Wright is not a party to this suit and does not appear in the complaint or any document filed in this suit.

na attempts to state a claim against Wright individually for intentional infliction of emotional distress, she may not do so without naming Wright as a defendant and showing the court why such a claim against him is timely.

To the extent that Hanna attempts to state a claim for intentional infliction of emotional distress against Goodyear under a ratification theory, her claim is timely. In Texas, the law is well-settled that if an employer or a manager for an employer ratifies or approves the intentional, malicious, or grossly negligent acts of an agent or employee, the employer may be liable, not only for compensatory damages, but also for exemplary damages. *Prunty v. Arkansas Freightways, Inc.,* 16 F.3d 649, 652–53 (5th Cir.1994) *(citations omitted )*. The courts which have faced this question, have decided that ratification may occur when the employer or its vice-principal confirms, adopts, or under some circumstances fails to repudiate the acts of its employee. *Id.* at 653 *(citing Hinote v. Oil, Chemical and Atomic Workers International Union, AFL—CIO, Local 4–23,* 777 S.W.2d 134, 141 (Tex.App.—San Antonio 1989, *writ denied*). Importantly, Texas Supreme Court made it clear that ratification is not based on respondeat superior, but rather it is based upon the wrongdoing of the employer—the employer's ratification of the intentional or grossly negligent acts of its agents. *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397, 402–03 (1934) *(rev'd* on other grounds).

Given the limited evidence from the filings currently before the court, it is reasonable to infer that the alleged ratification by Goodyear occurred sometime after June 14, 1996. On that date, Hanna filed a formal charge of discrimination with the EEOC. Goodyear's subsequent written response to Hanna's charge, may constitute a ratification of Wright's allegedly tortious behavior. Ac-

cordingly, given the limited evidence before the court and the reasonable inferences that can be drawn therefrom, under a ratification theory Hanna's state law tort claim for intentional infliction of emotional distress appears timely even without relation back to the date of the original complaint.[2]

To the extent that Hanna is attempting to state a claim for intentional infliction of emotional distress against Goodyear under a respondeat superior theory, the court of the opinion that such a claim is still timely. Under this theory, Goodyear is probably correct in claiming that the alleged tort would have occurred in the pendency of Hanna's employment with Goodyear, and that the clock began to run on the statute of limitations as of Hanna's last day of employment. However, in this case the circumstances may well warrant an equitable tolling of the statute of limitations. *See Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1343–44 (5th Cir. 1991) *(citing with approval Northern Metal v. United States,* 350 F.2d 833, 837–39 (3rd Cir.1965).).

The court first takes notice that the 5th Circuit formally adopted the general rule barring claim splitting in *Super Van Inc. v. City of San Antonio,* 92 F.3d 366, 371 (5th Cir.1996). To comply with this rule, Hanna was justified in waiting until she received her 'right to sue' letter for the alleged Title VII violation before filing an ancillary tort claim. Furthermore, the evidence indicates that the EEOC held Hanna's complaint for an extraordinarily long period of time, some fourteen (14) months, before issuing Hanna a right to sue letter.[3] Given the early juncture in the litigation, the circumstances as stated above, the fact that there appears to be no real prejudice to Goodyear, an equitable tolling of the statute of limitations for fourteen months on the state law tort claim is warranted.[4] Accordingly, Hanna's tort claim for

2. The theory of respondeat superior has been used by Texas courts to find employer liability for intentional torts committed by employees in certain employment situations.

3. Hanna's last day of employment with Goodyear was August 20, 1995. Hanna filed her formal charge with the EEOC on June 8, 1996. The EEOC issued the 'right to sue' letter on August 22, 1997.

4. The EEOC issued the 'right to sue letter' two-days after the statute of limitations period ran. If the court did not equitably toll the statute of limitations during the pendency of the administrative process, Hanna's compliance with the rule against claim splitting would cause her to lose her state law claim.

intentional infliction of emotional distress is timely.

For the above stated reasons this court grants Hanna leave to file an amended complaint which includes the tort claim of intentional infliction of emotional distress. However, in accordance with the pleading requirements of FED.R.CIV.P. 8(a) and 12(e), the court also requires Hanna to redraft her claim so that it more clearly states the party against whom she is making it. Goodyear's motion in opposition and alternative Motion to Dismiss in pursuant to FED.R.CIV.P. 12(c) are denied and overruled.