02-11-198-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00198-CV

 

 


 
 
 James
 Scott
  
 v.
  
 The
 City of Kerrville, Texas, The Kerrville, Texas Police Department, and The
 Kerrville, Texas Sheriff Department
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 30th District Court
  
 of
 Wichita County (170,961-A)
  
 November
 29, 2012
  
 Opinion
 by Justice Gardner
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Anne Gardner








 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00198-CV

 

 


 
 
 James Scott
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The City of Kerrville, TEXAS, The Kerrville, TEXAS
 Police DepARTMENT, and The Kerrville, TEXAS Sheriff DepARTMENT
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 30th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.
Introduction

Appellant
James Scott appeals the trial court’s summary judgment in favor of Appellees
the City of Kerrville, Texas; the Kerrville, Texas Police Department; and the
Kerrville, Texas Sheriff Department (collectively, the City) in the suit he filed
against them and in which he sought damages for a civil rights violation.[2]
 The City denied Scott’s allegations and asserted that his claim was barred by a
two-year statute of limitations.  The trial court granted the City’s motion for
summary judgment based on the statute of limitations.  Scott argues in one
issue that his claim is not barred by the statute of limitations.  We affirm.

II.
Standard of Review

In a
traditional summary judgment case, the issue on appeal is whether the movant
met the summary judgment burden by establishing that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We review a summary
judgment de novo.  Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862
(Tex. 2010).

We
take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008); Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  We consider
the evidence presented in the light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable jurors could and disregarding
evidence contrary to the nonmovant unless reasonable jurors could not.  Mann
Frankfort, 289 S.W.3d at 848.  We must consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented.  See Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d
566, 568 (Tex. 2006); City of Keller v. Wilson, 168 S.W.3d 802, 822–24
(Tex. 2005).

A defendant is entitled to summary judgment on an
affirmative defense if the defendant conclusively proves all the elements of
the affirmative defense.  Chau v. Riddle, 254 S.W.3d 453, 455 (Tex.
2008); see Tex. R. Civ. P. 166a(b), (c).  To accomplish this, the
defendant-movant must present summary judgment evidence that establishes each
element of the affirmative defense as a matter of law.  Chau, 254 S.W.3d
at 455; Ryland Grp., Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).

III.
Discussion

Scott
was convicted in 1975 for possession of codeine and sentenced to two years in
prison.  In 1996, Scott was indicted for aggravated robbery, and he alleges
that his 1975 conviction was used to enhance that sentence.[3]
 Scott contends that the Texas Court of Criminal Appeals reversed his 1975
conviction on September 16, 1998, but that the district court did not expunge
the conviction until August 2007.[4]

On
August 28, 2009, Scott sued the City under 42 U.S.C.A. § 1983, alleging that
the City’s actions resulted in his wrongful conviction.  Section 1983 does not
contain a limitations period, so courts apply the forum state’s statute of
limitations for personal injury claims.  Wallace v. Kato, 549 U.S. 384,
387, 127 S. Ct. 1091, 1094 (2007); Bd. of Regents v. Tomanio, 446 U.S.
478, 484–86, 100 S. Ct. 1790, 1795–96 (1980); Stanley v. Foster, 464
F.3d 565, 568 (5th Cir. 2006).  In Texas, the limitations period for a personal
injury claim is two years.  Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)
(West Supp. 2012).  Scott was thus required to file his lawsuit within two
years of the date on which his cause of action accrued.  Id.  (stating
that “a person must bring suit for . . . personal injury . . . not
later than two years after the day the cause of action accrues”).

The
United States Supreme Court has held that a section 1983 cause of action
accrues when the conviction is reversed, expunged, invalidated, or impugned by
the grant of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477,
489–90, 114 S. Ct. 2364, 2373–74 (1994); see also Price v. City of San
Antonio, Tex., 431 F.3d 890, 893 (5th Cir. 2005) (“Ordinarily, a cause of
action under section 1983 accrues when the plaintiff ‘knows or has reason to
know of the injury which is the basis of the action.’”) (quoting Jackson v.
Johnson, 950 F.2d 263, 265 (5th Cir. 1992)).  Applying this rule, the Fifth
Circuit has held that a section 1983 claimant’s cause of action accrued when
his capital murder conviction was reversed and remanded on direct appeal, even
though the claimant was awaiting a second criminal trial on the same charges.  See
Davis v. Zain, 79 F.3d 18, 18–19 (5th Cir. 1996).

The
City’s motion for summary judgment and evidence established that the statute of
limitations began to run on September 16, 1998, the day that Scott’s 1975
conviction was reversed by the court of criminal appeals.  See Heck, 512
U.S. at 489–90, 114 S. Ct. at 2373–74 (stating that a prisoner “has no cause of
action under § 1983 unless and until the conviction or sentence is reversed,
expunged, invalidated, or impugned by the grant of a writ of habeas corpus”). 
The City also established that Scott did not bring suit until August 28, 2009,
almost eleven years after the time he contends his 1975 conviction was
overturned.  The City thus met its burden of showing entitlement to judgment as
a matter of law on its statute of limitations defense, and the burden shifted
to Scott to present evidence showing a genuine issue of material fact that
would preclude summary judgment.  See KPMG Peat Marwick v. Harrison Cnty.
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).

Scott
asserted in his summary judgment response that the statute of limitations was
tolled because “there are agencies who have fail[ed] to follow the court’s
order to completely expunge the case.”  More specifically, Scott argued that
because his current prison sentence—for which he is still incarcerated—was
enhanced by using the invalid 1975 conviction, his case remains “active,”
further meaning that the statute of limitations has not yet begun to run.  Scott
relied on Jackson, 950 F.2d at 266, to support his tolling argument.  In
that case, the Fifth Circuit held that the statute of limitations for the
prisoner’s section 1983 claim was tolled during the periods when his state
court proceedings remained pending but that the statute of limitations was not
tolled while there were no pending state court actions.  Id.

Scott’s
argument is unpersuasive.  First, unlike the prisoner in Jackson, Scott
failed to present any summary judgment evidence tending to establish the
existence of any legal proceedings.  He argued in the trial court and asserts
on appeal that he has had ongoing litigation since 1998 that tolled the statute
of limitations, but he offered no summary judgment proof to support his contention. 
Scott therefore failed to meet his summary judgment burden of presenting
evidence that the statute of limitations was tolled and did not bar this
lawsuit.  See KPMG, 988 S.W.2d at 748 (“If the movant establishes that
the statute of limitations bars the action, the nonmovant must then adduce
summary judgment proof raising a fact issue in avoidance of the statute of
limitations.”).

Furthermore,
Scott misapplies the tolling rule applicable to pending legal proceedings. 
This lawsuit is for money damages against the City for his 1975 wrongful arrest
and imprisonment.  To the extent Scott had legal proceedings between 1975 and
1998 that assailed the 1975 conviction, those proceedings would have tolled the
statute of limitations for his section 1983 claim.  However, Scott contends
that he successfully challenged the 1975 conviction and that the court of
criminal appeals reversed the 1975 conviction in 1998.  The United States
Supreme Court held in Heck that a prisoner has a section 1983 claim once
“the conviction or sentence is reversed, expunged, invalidated, or impugned
by the grant of a writ of habeas corpus.”  512 U.S. at 489–90, 114 S. Ct. at 2373–74.
 (emphasis added).  Scott asserts that his conviction was overturned in 1998. 
He therefore had no further impediment to his section 1983 claim against the
City for money damages once his 1975 conviction was overturned.  See Davis,
79 F.3d at 18–19 (holding that claimant’s section 1983 cause of action accrued
upon reversal of his conviction, even though claimant was awaiting retrial on
the same charges).  The unproven facts that other unnamed “agencies” have not
completely expunged his conviction or that the district court ordered
expunction in 2007 have no effect on his section 1983 claim against the City because
his claim against the City is not dependent on expunction.  Rather, his claim
against the City relates to the original wrongful arrest and conviction, not
the removal of the conviction from his criminal record.  In short, Scott’s
wrongful conviction in 1975 was no longer an impediment to his suit for money
damages against the City when the court of criminal appeals overturned the
conviction.  See Heck, 512 U.S. at 486–87, 114 S. Ct. at 2372 (holding
that a section 1983 plaintiff has a cognizable claim once he can show that “the
conviction or sentence has been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal authorized to make such
determination, or called into question by a federal court’s issuance of a writ
of habeas corpus”).  Thus, even if Scott had offered summary judgment evidence
of legal proceedings subsequent to 1998, those proceedings would not have
tolled the statute of limitations in this case.  See Hunt Steed v. Steed,
908 S.W.2d 581, 584–85 (Tex. App.—Fort Worth 1995, writ denied) (holding
statute of limitations not tolled due to pending appeal of divorce action
because pending appeal was not a legal impediment to the plaintiff’s tort
action against her mother-in-law).

We
therefore hold that the trial court did not err by granting the City’s motion
for summary judgment, and we overrule Scott’s sole point.

IV.
Conclusion

Having
overruled Scott’s sole point, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER,
and WALKER, JJ.

 

DELIVERED:  November 29,
2012









[1]See Tex. R. App. P. 47.4.





[2]Scott specifically alleges
that “[t]his case concerns civil rights [and] constitutional rights violations
against the Appellant under the 5th, 8th, 13th, [and] 14th Amendments of the U.S.
Constitution concerning an illegal arrest [and] prison sentence [and]
conviction for possession of codeine on February 15, 1975.”





[3]Scott is currently serving
a seventy-five-year prison sentence for the aggravated robbery conviction.





[4]Scott neither attached a
copy of the court of criminal appeals’s opinion or order nor provided a
citation to the case.  Scott also failed to present evidence of the order of
expunction that he contends was issued in 2007.  Thus, there is no evidence in
the summary judgment record that his conviction was in fact overturned by the
court of criminal appeals or that the district court ordered his conviction
expunged.  However, we assume the truth of these allegations because the City
relied on Scott’s original petition as its summary judgment evidence.