IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40170
Summary Calendar
_____

JOE WALKER,

                                             Plaintiff-Appellant,

versus

KEITH J. PRICE, Warden, Coffield Unit;
UNIDENTIFIED DEPOT, Captain, Coffield Unit;
LILLIAN JOHNSON, Correctional Officer,
Coffield Unit; CAROLYN WALLS, Correctional
Officer, Coffield Unit; BENNIE L. COLEMAN,
Sergeant, Coffield Unit,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-506
--------------------

December 23, 1999

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Joe Walker, Texas prisoner #435844, filed a 42 U.S.C. § 1983 complaint against Warden Keith J. Price, Captain Depot, Correctional Officer Lillian Johnson, Correctional Officer Carolyn Walls, and Sergeant Bennie L. Coleman.  He argues that the district court erred in dismissing his complaint as frivolous and for failure to state a claim.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a dismissal under § 1915(e)(2)(B)(ii) de novo, applying the same standard used to review a dismissal under Fed. R. Civ. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). The dismissal may be upheld only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995).

A reviewing court will disturb a district court's dismissal of a pauper's complaint as frivolous only on finding an abuse of discretion. A district court may dismiss a complaint as frivolous "'where it lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 504 U.S. 25, 31-33 (1992)(quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)); see also Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(relying on § 1915(e)(2)(B)(i)).

"[A] prisoner may have a protected liberty interest in prison grievance procedures[.]" Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993). "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that, but for the retaliatory motive, the complained of incident would not have occurred. Id. "This places a significant burden on the inmate." Id. The inmate must produce direct evidence of motivation or "allege a

chronology of events from which retaliation may plausibly be inferred." Id. (citation omitted); see also Whittington v. Lynaugh, 842 F.2d 818, 821 (5th Cir. 1988)(inmate alleging retaliation must allege facts, not merely conclusions, in support of his claims). Verbal threats and name-calling by prison guards do not amount to a constitutional violation. See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993)(pretrial detainee case)(allegations of verbal abuse and threats by prison officials do not state a claim under § 1983); Lynch v. Cannatella, 810 F.3d 1363, 1376 (5th Cir. 1987)(same).

Walker's allegations in his complaint relative to Walls and Johnson's verbal harassment do not state a constitutional claim cognizable under § 1983. Bender, 1 F.3d at 274 n.4. Nor has Walker shown that the district court erred in dismissing his retaliatory-transfer claim against Price. See Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); see also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (holding "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence"); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). The judgment of the district court dismissing these claims is AFFIRMED.

With regard to Walker's allegation that Walls filed retaliatory disciplinary cases, a review of the complaint reveals that Walker stated a nonfrivolous retaliation claim. The judgment dismissing the claim is VACATED, and the case is REMANDED for further proceedings.

We also find error in the district court's dismissal of Walker's retaliatory-assault claim against Coleman for failure to exhaust state remedies. Because Walker is seeking monetary relief only, it is possible that he was not required to pursue administrative remedies prior to filing suit. See Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998)(clarifying that under 1997e, as amended by the Prison Litigation Reform Act, a federal prisoner need not exhaust administrative remedies that are not capable of providing redress); see Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995).

The district court's dismissal of Walker's retaliatory-assault claim against Coleman for nonexhaustion is VACATED, and the claim is REMANDED for the district court to address whether monetary relief is available through the Texas Department of Criminal Justice grievance procedure.

We further find error in the district court's dismissal of Walker's retaliatory-job-reassignment claim. A prisoner has no constitutional right to a specific work assignment. See Jackson v. Cain, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989). However, a job transfer cannot be made in retaliation against the exercise of constitutional rights. Id. Walker has met the threshold requirement of alleging a retaliatory-job-reassignment claim.

The district court also erred in dismissing Walker's claim against Depot. This court has recognized that a prisoner may have a protected liberty interest in the prison grievance procedure. See Gartrell, 981 F.2d at 259. Walker alleged that Depot destroyed his grievances in retaliation for his use of the

prison grievance procedure.  Walker's claim has an arguable basis in law.

We make no suggestion as to the ultimate outcome of these claims.  We decide only that the dismissal of these claims was error.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.