United States Court of Appeals,

Fifth Circuit.

No. 92-2619

Summary Calendar.

William Hamilton GARTRELL, Plaintiff-Appellant,

v.

R.S. GAYLOR, et al., Defendants-Appellees.

Jan. 21, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, DAVIS and WIENER, Circuit Judges.

PER CURIAM:

Proceeding *pro se* and *in forma pauperis,* William H. Gartrell, a Texas Department of Criminal Justice (TDCJ) inmate, filed this § 1983 civil rights action, alleging that certain TDCJ officials had conducted disciplinary proceedings and grievance procedures in a manner that violated his constitutional rights. Concluding that all of Gartrell's claims were either time-barred or had no arguable basis in law or fact, the district court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(d). Because we find that the dismissal was an abuse of discretion, we vacate the judgment of the district court and remand the action for further proceedings.

I.

Gartrell's claims arise from a disciplinary proceeding conducted at the TDCJ's Ellis II unit. On April 30, 1990, Gartrell received written notice of two disciplinary charges against him arising from an April 27, 1990 incident. On May 1, 1990, the Unit Disciplinary Committee held a disciplinary hearing, and Gartrell was found of guilty of both charges. As a result of this finding, Gartrell was temporarily placed in solitary confinement, and his good-time earning status was reduced from 35 days to 10 days per month of incarceration. Alleging various defects in the disciplinary proceedings, Gartrell sought administrative review of the Committee action through the TDCJ grievance procedures. His final administrative appeal was denied on June 29, 1990 by defendant

Collins.

On June 26, 1992, Gartrell filed this civil rights action. In his *pro se* complaint, which we must construe liberally,[1] Gartrell alleges that the defendants conspired to deprive him of statutory good-time in retaliation for his prison writ-writing activities. Specifically, Gartrell alleges: (1) that TDCJ officers filed "trumped-up" disciplinary charges against him; (2) that the charges were not filed in accordance with TDCJ procedures; (3) that the disciplinary hearing was not conducted in accordance with TDCJ procedures; and (4) that, through all three steps of the TDCJ grievance procedure, he was denied an impartial review of the disciplinary proceedings. Gartrell seeks money damages and the reinstatement of his good-time earning status.

On July 17, 1992, the district court dismissed Gartrell's complaint *sua sponte* pursuant to 28 U.S.C. § 1915(d). In dismissing Gartrell's complaint, the court concluded that the statute of limitations barred those aspects of the complaint that were based upon acts that occurred more than two years prior to the date the action was filed. With regard to the one aspect of the complaint that did fall within the limitations period—defendant Collins' June 29, 1990 denial of Gartrell's final administrative appeal—the court found that the complaint did not allege a violation of a constitutionally protected right and thus had "no basis in law or fact." The court therefore dismissed the complaint it its entirety. Gartrell timely appealed.

## II.

## A.

28 U.S.C. § 1915(d) authorizes a federal court to dismiss a claim filed *in forma pauperis* "if satisfied that the action is frivolous or malicious." Under this statute, an action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). The statute thus accords judges the authority to dismiss a claim based on "an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. at 1833. Because the frivolousness determination is discretionary, we review § 1915(d) dismissals for abuse of that discretion. *Denton v. Hernandez,* --- U.S. ----, ----, 112 S.Ct.

---

[1] *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972).

1728, 1734, 118 L.Ed.2d 340 (1992).

## B.

Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. *See Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir.1990); *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989). Thus, where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d). *Ali,* 892 F.2d at 440; *Burrell,* 883 F.2d at 418. The district court dismissed the bulk of Gartrell's claims on this basis. After a careful review of the record, however, we conclude that the dismissal constituted an abuse of discretion.

Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 249-50, 109 S.Ct. 573, 581-82, 102 L.Ed.2d 594 (1989); *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992). In Texas, the applicable limitations period is two years. *See* TEX.CIV.PRAC. & REM.CODE § 16.003(a) (Vernon 1986). Gartrell does not dispute the application of this two-year limitations period; rather, he argues that his claims are not barred because his complaint was filed within two years of the denial of his final administrative appeal. Liberally construed, Gartrell's argument presents two possibilities: (1) his claims did not accrue until the denial of his final appeal, or (2) the statute of limitations was tolled while he exhausted his administrative remedies. We examine each of these possibilities in turn.

## 1.

Although we look to Texas law to determine the applicable limitations period, federal law governs when a cause of action under § 1983 accrues. *Lavellee v. Listi,* 611 F.2d 1129, 1130 (5th Cir.1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.* at 831. The statute of limitations therefore begins to run when the plaintiff is in possession of the "critical facts that he has been hurt and who

has inflicted the injury...." *Id.* (internal quotation marks omitted).

Gartrell argues that his claims could not accrue until his final administrative appeal was denied because he did not know that the "injuries he had suffered"—the loss of good-time credit and solitary confinement—would remain in effect. This argument, however, misses the point of a civil rights action such as Gartrell's. The alleged "injury" is not the punishment imposed, but the failure of prison officials to abide by established disciplinary or grievance procedures. *See Jackson v. Cain,* 864 F.2d 1235, 1248-51 (1989); *Green v. Ferrell,* 801 F.2d 765, 768-69 (5th Cir.1986). The injury occurs, if at all, when the procedures are disregarded or abused.

Here, Gartrell has alleged that certain prison officials used TDCJ disciplinary and grievance procedures to retaliate against him for his prison writ-writing activities. His complaint specifically describes alleged violations of TDCJ procedures occurring on or about April 27, May 1, May 4, May 21, and June 29, 1990. With regard to each of these claims, Gartrell names the specific TDCJ official who took the allegedly improper action and provides signed and dated TDCJ forms to support the claim. Gartrell's own pleading thus establishes that, by May 25, 1990,[2] he was in possession of the critical facts regarding every aspect of his complaint except the June 29, 1990 denial of his final administrative appeal. Therefore, with that one exception, Gartrell's claims accrued more than two years prior to the filing of this action, and, absent a tolling provision, they were properly dismissed by the district court as barred by the applicable statute of limitations.

2.

In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions. *Rodriguez v. Holmes,* 963 F.2d 799, 803 (5th Cir.1992); *Jackson v. Johnson,* 950 F.2d at 265. Although Texas law formerly considered imprisonment to be a disability that tolled the running of the statute of limitations, that is no longer the case. *See* TEX.CIV.PRAC. & REM.CODE § 16.001 (Vernon 1988). Texas courts, however, have developed a common-law tolling rule that tolls the running of the limitations period when a person is prevented

---

[2]On that date Gartrell signed and dated his Step 3 grievance form initiating an appeal the May 25th denial of his Step 2 appeal.

from exercising a legal remedy by the pendency of legal proceedings. *See Rodriguez,* 963 F.2d at 804-05 (citing Texas cases); *Jackson v. Johnson,* 950 F.2d at 265-66 (citing Texas cases). We have found that this rule operates to toll the running of the limitations period in cases where a state prisoner is required to exhaust state remedies before proceeding with a claim in federal court. *See Rodriguez,* 963 F.2d at 805; *see also Jackson v. Johnson,* 950 F.2d at 266-67 (concluding that the tolling provision may apply but remanding to the district court for further development of the issue).

Gartrell argues that the federal courts "expect" state prisoners to exhaust prison grievance procedures before proceeding in federal court. He provides no legal authority, but instead appeals to "common sense" and directs this court's attention to the civil rights complaint forms provided for prisoners by the district court, which, Gartrell asserts, "clearly indicate that he should exhaust any available administrative remedies at the [TDCJ] before even thinking about filing a civil action [ ] in federal court." Despite his lack of legal authority, we think Gartrell makes a valid point.

While it is well-settled that exhaustion of state administrative remedies is generally not a prerequisite to bringing an action pursuant to 42 U.S.C. § 1983, Congress has now carved out a "specific, limited exhaustion requirement for adult prisoners." *Patsy v. Board of Regents,* 457 U.S. 496, 508, 102 S.Ct. 2557, 2563-64, 73 L.Ed.2d 172 (1982). Under § 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, district courts now have the discretion to require an inmate to exhaust prison grievance procedures prior to having his case heard in federal court. *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir.1987). Failure to exhaust those procedures can result in dismissal of the complaint. *Id.; see also Martin v. Catalanotto,* 895 F.2d 1040, 1042 (5th Cir.1990); *Lay v. Anderson,* 837 F.2d 231, 233 (5th Cir.1988).

Before the exhaustion requirement can be invoked, the district court must find that it "would be appropriate and in the interests of justice," and the grievance procedures must be certified by the Attorney General or a federal district court as meeting certain minimum standards. 42 U.S.C. § 1997e(a)(1)-(2), (b). The TDCJ procedures were certified by the United States District Court for the Eastern District of Texas on May 31, 1989. Thus, in the instant case, it was within the discretion of the district court to require Gartrell to exhaust the TDCJ grievance procedures before proceeding

with his civil rights action.[3]

Because Gartrell could have been required to exhaust the TDCJ grievance procedures before proceeding with his action in the district court, we conclude that he has, at the very least, a colorable claim that the Texas tolling provision discussed, *supra,* would have operated to toll the limitations period until he had exhausted those procedures. In light of this conclusion, we cannot say that it is clear from the face of Gartrell's complaint that those aspects of Gartrell's complaint that occurred more than two years prior to the filing of this action are barred by the two-year statute of limitations. His complaint thus does not "lack[ ] an arguable basis in law," nor is it based upon "an indisputably meritless legal theory...." *Neitzke,* 490 U.S. at 325, 327, 109 S.Ct. at 1831-32, 1832-33. We therefore conclude that the district court's dismissal of those aspects of Gartrell's complaint pursuant to § 1915(d) constituted an abuse of discretion.

## C.

The district court also dismissed the one aspect of Gartrell's complaint that falls within the two-year limitations period—defendant Collins' June 29, 1990 denial of Gartrell's final administrative appeal. The court observed that, "while the prison must fairly administer its grievance and other internal administrative procedures, there is no constitutional guarantee that a prisoner's grievance will be favorably decided." Thus, the court concluded, "this claim has no arguable basis in law or fact...."

---

[3]On remand, the district court should consider whether Gartrell's complaint that he was unconstitutionally deprived of his good-time earning status challenges the duration of his confinement and therefore is cognizable in habeas corpus, with its own exhaustion requirement. *See Wilson v. Foti,* 832 F.2d 891, 892 (5th Cir.1987) (Where a state prisoner attacks the duration of his confinement, " 'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.' " (quoting *Caldwell v. Line,* 679 F.2d 494, 496 (5th Cir.1982))); *Serio v. Members of the Louisiana State Bd. of Pardons,* 821 F.2d 1112, 1119 (5th Cir.1987) ("If a prisoner challenges a single hearing as constitutionally defective, he must first exhaust state habeas remedies."); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983) ("If a prisoner challenges a "single allegedly defective [disciplinary] hearing,' he attacks, in essence, the fact and duration of his custody."). In such cases, we have required prisoners to exhaust the TDCJ grievance procedures. *See Baxter v. Estelle,* 614 F.2d 1030, 1031-32 (5th Cir.1980) ("[A] federal court may not grant habeas corpus relief to a petitioner who has failed to exhaust all administrative remedies, including an appeal to the Director of Corrections."), *cert. denied,* 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981); *Lerma v. Estelle,* 585 F.2d 1297, 1299 (5th Cir.1978) (holding that a Texas prisoner who had not exhausted "his clearly available administrative remedies" was properly denied habeas relief in the district court), *cert. denied,* 585 U.S. 1297, 100 S.Ct. 95, 62 L.Ed.2d 62 (1979).

We disagree.

Gartrell's civil rights complaint alleges that the defendants conspired to deprive him of good-time credit in retaliation for his prison writ-writing activities. In particular, Gartrell alleges that Collins, as part of that conspiracy, "willfully, knowingly and maliciously" denied him an impartial administrative review of the TDCJ disciplinary proceedings. Because this court has recognized that a prisoner may have a protected liberty interest in prison grievance procedures, *see Jackson v. Cain,* 864 F.2d at 1248-49, we are not willing to say, as the district court did, that a claim such as Gartrell's has no arguable basis in law. As we have noted, that label is reserved for claims based upon "an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833.

Moreover, although Gartrell has alleged few facts to support his claim that Collins conspired to deny him an impartial review in retaliation for his writ-writing activities, the facts he has alleged are not "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833. The Supreme Court has specifically instructed that such a conclusion is warranted only "when the facts alleged rise to the level of the irrational or the wholly incredible,...." *Denton,* --- U.S. at ----, 112 S.Ct. at 1733. The district court thus has the power under § 1915(d) to dismiss complaints based upon "fanciful," "fantastic," or "delusional" facts. *See Id.* (quoting *Neitzke*). "An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations may properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction.' " *Id.* --- U.S. at ---- - ----, at 1733-34 (quoting Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977)). We conclude therefore that the district court abused its discretion in dismissing Gartrell's allegations against defendant Collins as having "no arguable basis in law or fact."

III.

For the foregoing reasons, we VACATE the judgment of the district court and REMAND the action for further proceedings. Furthermore, because of the importance of the tolling issue discussed, *supra,* we suggest that the district court appoint counsel for appellant to ensure thorough

development of that issue.