IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10053
Conference Calendar
_____

PEDRO GOMEZ,

                                        Plaintiff-Appellant,

versus

DON WILEY, Patrolman, Cisco
TX Police Department,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:94-CV-144-C
- - - - - - - - - -
June 29, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

On October 6, 1994, Pedro Gomez, a prisoner of the State of
Texas, filed a civil rights action against Patrolman Don Wiley of
the Cisco Police Department, alleging various constitutional
violations.  He appeals the judgment of the district court
dismissing the action as barred by the statute of limitations.
He argues that his claim is not time-barred because 1) he was
denied medical care for approximately six months, and he was not

---

[*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

aware of the extent of his injury until his injury was diagnosed on October 8, 1992; 2) the cause of action accrued on May 2, 1994, when he became aware through the help of a legal assistant, Mario Martinez, that he had been deprived of his constitutional rights; and 3) he tried to file the complaint on May 11, 1994, when Martinez requested envelopes and postage to mail his complaint.

On its face, the action is barred by the applicable statute of limitations. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Gomez's arrest occurred on May 11, 1992, and he filed his complaint on October 6, 1994.

Gomez's contention that he did not know the extent of his injury until he was diagnosed by Dr. Victor E. Hudman, after a fall in October 1992, is unconvincing. In his brief, he states that he had been suffering the specific medical symptoms addressed by Dr. Hudman since his arrest.

Equally unavailing is Gomez's argument that he was not aware that the officer had violated his constitutional rights until he received advice from a legal assistant. The cause of action accrued when Gomez knew or had reason to know of his injury, not when he knew of the legal theory.

In his final argument, Gomez asserts that his complaint was not mailed because prison personnel confiscated Martinez's typewriter on May 12, 1994, and ignored Martinez's requests for writ envelopes and postage. He concedes that his complaint was time-barred because Martinez told him that the time for filing his complaint was about to expire on May 11, 1994, and he did not

file his complaint by that date.

To the extent that Gomez attempts to argue that he was deprived of his right of access to the courts or that prison authorities interfered with his mail, we do not address the issue because it was not raised in the district court.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.