IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30126
Conference Calendar
_____

JOSE F. PUPO,

Plaintiff-Appellant,

versus

RICHARD L. STALDER, Warden,

Defendant-Appellee.

- - - - - - - - - - -

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. CA-94-1690

- - - - - - - - - - -

June 28, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jose F. Pupo, a Louisiana state prison inmate, appeals from the district court's dismissal of his § 1983 complaint pursuant to 28 U.S.C. § 1915(d). Pupo does not address the district court's determination that he has no standing, but argues instead that the court abused its discretion because he presented the nonfrivolous issues (1) whether the district court should oversee prison officials' adherence to the court-approved administrative

---

[*]  Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

grievance procedure, and (2) whether the failure to apply the grievance procedure correctly is a constitutional violation.

States are authorized "to set up prison grievance procedures which district courts can order prisoners to exhaust before proceeding with their civil rights suits." Martin v. Catalanotto, 895 F.2d 1040, 1041 (5th Cir. 1990); see 42 U.S.C. § 1997e. Such procedures must be approved by the Attorney General or a federal district court before a court can order exhaustion of the procedure. Martin, 895 F.2d at 1041. The United States District Court for the Middle District of Louisiana has approved Louisiana's prison administrative procedures as meeting § 1997e's minimum standards. Id. at 1042. Pupo may not challenge that determination now. See Gartrell v. Gaylor, 981 F.2d 254, 258 (5th Cir. 1993); see also 42 U.S.C. § 1997e(d) (providing that "[t]he failure of a State to adopt or adhere to an administrative grievance procedure consistent with this section shall not constitute the basis for an action under section 1997a or 1997c of this title").

Because Pupo's motion for leave to appeal in forma pauperis (IFP) presents no issue of arguable merit and is thus frivolous, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), IFP is DENIED and the appeal is DISMISSED. See 5th Cir. R. 42.2. Pupo's "Motion For Probably [sic] Cause" is DENIED as unnecessary.