IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-20182
Summary Calendar

O.D. VAN DUREN,

Plaintiff-Appellant,

versus

ELIZABETH WATSON, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1664

December 29, 1998

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

O. D. Van Duren, Texas prisoner # 667233, appeals from the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(b). Van Duren contends that the district court erred in finding that his claim was barred by the applicable statute of limitations. Specifically, Van Duren argues that his cause of action should accrue from the "denial of his final appeal," rather than from the injury itself.

We review a district court's dismissal of a case under § 1915 for an abuse of discretion. See Moore v. McDonald, 30 F.3d 616, 620 (5th

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Cir. 1994).  Although Texas law governs the applicable statute of limitations, we look to federal law to determine when the cause of action accrues.  See Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).  We have held that the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Id.  Moreover, the cause of action begins to accrue from the date of the actual injury, rather than from the date the courts impose punishment.  See id.  For these reasons, and after a thorough review of the record and Van Duren's brief, we find that the district court did not abuse its discretion in dismissing the case.

AFFIRMED.