IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60093
Conference Calendar
_____

CHARLES EDWARD WILSON,

Plaintiff-Appellant,

versus

DICK WILSON; TOMMY DAUGHDRILL; KEN ESTES; NORMAN TRAVIS; H.N.
JENSEN; ALONZO H. STURGEON; LEONARD ROSENTHAL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-881-LN
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles Edward Wilson, Mississippi prisoner # 44482, appeals
the district court's sua sponte dismissal of his 42 U.S.C. § 1983
complaint as time-barred pursuant to 28 U.S.C. § 1915(e).  Wilson
argues that his complaint was timely because he did not discover
the legal basis for his cause of action until May 2000.

When applying the discovery rule under Mississippi law, the
focus is upon the time that the would-be plaintiff discovers, or
should have discovered by the exercise of reasonable diligence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he probably had an actionable injury, and it is not necessary that the plaintiff becomes absolutely certain that he has a cause of action.  First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce, 220 F.3d 331, 336 (5th Cir. 2000).  The district court did not abuse its discretion in dismissing Wilson's 42 U.S.C. § 1983 complaint, which alleged a conspiracy to falsely arrest him for, and accuse and convict him of rape and kidnaping from October 1982 through March 1983, as time-barred. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

Wilson is cautioned that the district court's dismissal of his complaint as frivolous counts as a "strike" under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Wilson is further cautioned that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED.  SANCTION WARNING ISSUED.