IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-10566
Summary Calendar

ARCHIE D. WRIGHT,

Plaintiff-Appellant,

versus

JOE SMITH, Assistant Warden,
Hutchins State Jail,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2605-L
--------------------
November 8, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Archie D. Wright, Texas inmate # 203700, appeals the dismissal of his civil rights suit under 28 U.S.C. §§ 1915A and 1915(e)(2)(b)(i). The magistrate judge correctly noted that under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a plaintiff cannot recover damages under 42 U.S.C. § 1983 when the alleged constitutional violation would render a conviction or sentence invalid, until the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  However, the period of false imprisonment of which Wright complains does not call into question the validity of the conviction for which he was sentenced 180 days.

Notwithstanding the district court's error, this court can affirm the dismissal of Wright's suit as untimely.  See Bickford v. Int'l Speedway Corp., 654 F. 2d 1028, 1031 (5th Cir. 1981) (reversal is inappropriate if ruling of district court can be affirmed on any grounds, regardless whether those grounds were used by district court).  Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period.  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).  Texas' general personal injury limitations period is two years.  See Tex. Civ. Prac. & Rem. Code Ann. S 16.003(a) (Vernon 1986).  Although the Texas limitations period applies, federal law governs when a § 1983 claim accrues, and "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).  "The statute of limitations . . . begins to run when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury . . . .' " Id.

Wright asserts that the false imprisonment occurred on March 25, 1998, through April 21, 1998.  Thus, Wright had until April 21, 2000, to file the instant suit.  His complaint is dated and signed November 24, 2000.  As such it is barred by the statute of

limitations, and the district court's dismissal is AFFIRMED.

Wright's motion for the appointment of counsel is DENIED.