IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20786
Conference Calendar
_____

CEDRIC CHRISTOPHER EDISON,

Plaintiff-Appellant,

versus

HOUSTON POLICE DEPARTMENT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1011
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Cedric Christopher Edison, Texas prisoner number 891953, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous because it was barred by the statute of limitations. He argues that he was denied medical care by prison officials and that this denial of medical care constitutes a continuing tort that tolls the applicable two-year statute of limitations. See Gartrell v. Gaylor, 981 F.2d 254, 256-57 (5th Cir. 1993); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)(Vernon Supp. 2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Edison has not shown that the district court abused its discretion in dismissing his suit.  Edison's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

The dismissal of this appeal and the dismissal as frivolous by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Edison therefore has two "strikes" under 28 U.S.C. § 1915(g).  We caution Edison that once he accumulates three "strikes," he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.