IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 02-41117
Conference Calendar

—————————————

ROBERT GONZALEZ, JR.,

                                        Plaintiff-Appellant,

versus

THOMAS PRASIFKA, Warden; WILLIAM G.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-172
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Robert Gonzalez, Jr., Texas state prisoner # 761485, appeals

the district court's dismissal pursuant to 28 U.S.C. § 1915A of

his pro se, in forma pauperis 42 U.S.C. § 1983 complaint as

barred by the statute of limitations.  This litigation is

governed by the Texas personal injury limitations period, which

is two years, and federal law determines when the cause of action

accrues.  Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

———————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gonzalez's cause of action accrued, at the latest, on August 5, 1999, the date of the attack.  See Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995) (cause of action accrues when plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured). Additionally, Gonzalez's tolling argument is rejected because Texas law no longer provides for tolling because of imprisonment. See Gartrell, 981 F.2d at 257; Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (Vernon 2002).  Since Gonzalez did not file his complaint within two years of August 5, 1999, the district court did not commit error when it dismissed Gonzalez's complaint as barred by the statute of limitations.  See 28 U.S.C. § 1915A.

The district court's judgment is AFFIRMED.