IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-50786

Summary Calendar

---

PEDRO MUNIZ, JR.

Plaintiff-Appellant,

versus

CURTIS CHILDERS & JOE WARREN

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(A-95-CV-289)

---

April 23, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Pedro Muniz is a federal prisoner. He brought a <u>Bivens</u> action against prison official Curtis Childers and his supervisor, Joe Warren, alleging failure to protect and retaliation for exercise of a constitutional right. The magistrate judge recommended granting the defendant's motion to dismiss.[1] After Muniz filed objections,

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] The defendant's motion was styled Motion to Dismiss or, alternatively, Motion for Summary Judgment. The magistrate's

the district court adopted the magistrate's report in toto, and Muniz appealed. We reverse in part, affirm in part, and remand.

Initially, we agree with the district court that Muniz must assert in more than a conclusory fashion that the decision to return Muniz from protective segregation to general population was made with deliberate indifference to his safety. He did not do so. Muniz could not remain in protective segregation forever on the basis of a single threatening note with no indication as to the substance or continuation of the threat. In addition, we agree with the district court that Muniz's retaliation claim against Warren similarly fails. Muniz failed to offer more than a conclusion regarding the necessary element that any action of Warren constituted a retaliatory response to Muniz's exercise of his constitutional rights. Finally, we note that Muniz has not appealed the dismissal of his claims for injunctive relief. On these three matters, we AFFIRM the district court's decision.

Regarding the dismissal of Muniz's claim of retaliation against Childers, we REVERSE. Liberally construed, Muniz's complaint and subsequent pleadings allege that in response to Muniz's threat to file an administrative grievance, Childers had Muniz transferred from more desirable duties to food services. The pleadings further allege that before Muniz was released from protective segregation, Childers again retaliated against Muniz's

report states that the recommendation is to "GRANT Defendant's Motion to Dismiss." We will therefore construe the magistrate's disposition of this case as a dismissal under Fed. R. Civ. P. 12(b)(6) and review accordingly.

threat to file an administrative grievance or a lawsuit by arranging for Muniz to go back to food services instead of to UNICOR,[2] where plaintiff had been assigned just before a threatening note necessitated the protective custody. The pleadings allege that in response to plaintiff' threat to file a civil lawsuit, Childers ran Muniz from the laundry room and had him transferred from laundry to kitchen duty. Muniz's filings allege that Childers informed plaintiff on several occasions that he would label Muniz a snitch among the inmates, that he owned Muniz. Muniz also alleges that Childers made these comments while making reference to Muniz's previous complaints about Childers to Childers' superior.

We agree with the district court that anything occurring before Muniz complained to Childers' supervisor or threatened to file an administrative grievance and a lawsuit cannot give rise to a Bivens claim. At most, before these threats, Childers was retaliating against plaintiff for plaintiff's request to be transferred to a more desirable job. Because plaintiff concedes that he has no constitutional right to a particular job, the retaliation does not violate the constitution.

Our disagreement with the district court concerns Muniz's theory that Childers had plaintiff transferred to less desirable jobs in direct response to Muniz's file an administrative grievance

---

[2] We gather from the complaint that a prisoner can earn money for work in UNICOR. Plaintiff alleges that he wanted this money to pay for job training that he could receive upon placement in a halfway house.

3

or a lawsuit.  The district court dismissed these claims because (1) the allegedly retaliatory conduct occurred before Muniz filed suit, and (2) none of the claimed violations actually impeded Plaintiff's access to the courts or the grievance process.  Neither of these statements is an answer to Muniz's claim.  A deprivation of the right of access to the courts occurs when a prison official takes any act intending for that act to deter a prisoner from filing a lawsuit or a grievance.  See Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993); Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir.), cert. denied, 476 U.S. 1117 (1986).  Deterrence can occur before the filing of suit, and a retaliatory or deterrent act need not succeed in order to be unlawful.  We also find that prisoners had a clearly established right of access to the courts and to file grievances before Childers' alleged conduct, and thus that at least at this stage of the litigation, Childers is not entitled to qualified immunity.  Id.

    We therefore REVERSE the district courts Rule 12(b)(6) dismissal of Muniz's retaliation action against Childers and REMAND for further proceedings.