United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20312
Summary Calendar

_____

TOMMY JAMMER,

                                        Plaintiff-Appellant,

versus

TOMMY B. THOMAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1088
--------------------

Before JOLLY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Tommy Jammer, former Texas prisoner # 1346906,[**] appeals
from the dismissal of his 42 U.S.C. § 1983 suit.  The district
court held that the suit was barred by the statute of
limitations.  It dismissed the complaint as frivolous and for
failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).
Jammer does not address in his appellate brief the district
court's conclusion that his complaint was time-barred.  By

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [**]  Although he was incarcerated when he filed his notice of
appeal, Jammer has since been released from custody.

failing to address the basis of the district court's decision, Jammer has abandoned the issue on appeal, and we need not address it. See Yohey v. Collins, 985 F.2d 222, 222-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

In an abundance of caution, we note that prior to filing his appellate brief, Jammer filed a notice of change of address, which included several pages of argument. With the benefit of liberal construction, Jammer asserted that he filed a previous suit in the Southern District of Texas. He makes no argument, however, as to how this suit tolled the limitations period under state law, and the issue is inadequately briefed. See Yohey, 985 F.2d at 224-25; see also Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993)(limitations period may be tolled by state law tolling provisions).

Jammer fails to show error in the district court's dismissal. His appeal is without arguable merit and is therefore dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Jammer is cautioned that the district court's dismissal of his complaint and the dismissal of this appeal count as a strikes under § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under

imminent danger of serious physical injury.  See Adepegba v.

Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; SANCTION WARNING ISSUED.