United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-20151
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES OSCAR COOPER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:90-CR-403-1
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Oscar Cooper, federal prisoner # 55036-079, appeals the denial of his FED. R. CRIM. P. 41(g) motion seeking the return of property forfeited to the Government as a result of his convictions for conspiracy to possess with intent to distribute cocaine base and maintaining a place to use and distribute cocaine base. He argues that the district court erred in dismissing his Rule 41(g) motion as time-barred and abused its discretion in dismissing his motion to construe his Rule 41(g) motion as a FED. R. CIV. P. 60(b) motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record establishes that Cooper knew no later than April 7, 1997, that his property had indeed been forfeited. See Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). Consequently, his 2005 Rule 41(g) motion was untimely by roughly two years. See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000). The facts do not support application of the equitable tolling doctrine because, by his own admission, Cooper heard in 1995 that his property had been forfeited. He therefore failed to exercise due diligence in preserving his legal rights. See Perez v. United States, 167 F.3d 913, 917 (5th Cir. 1999).

In the district court, Cooper argued that his Rule 41(g) motion should be liberally construed as a Rule 60(b)(3) motion alleging fraud on the court. A Rule 60(b)(3) motion must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). Consequently, any such motion would have been untimely because it was filed more than one year after the default judgment was entered on June 18, 1991. See id. To the extent that Cooper argues that the district court should have liberally construed his Rule 41(g) motion as one raised pursuant to other named civil statutes, this argument was not raised below and is therefore waived. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.