# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-50907
Summary Calendar

DAVID HICKMAN

Plaintiff-Appellant

v.

DAWN GROUNDS, Warden, Hughes Unit; ASSISTANT WARDEN KENNETH
DEAN; ASSISTANT DIRECTOR BRUCE ARMSTRONG

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CV-59

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David Hickman, Texas prisoner # 540585, has filed a motion in this court
to proceed in forma pauperis (IFP) on appeal from the denial of his FED. R. CIV.
P. 60(b) motion, in which he had challenged the dismissal without prejudice of
his 42 U.S.C. § 1983 complaint for failure to prosecute or comply with a court
order. The district court denied Hickman leave to proceed IFP on appeal,
certifying that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

When a district court denies IFP and certifies that an appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), the appellant may either pay the filing fee or challenge the district court's certification decision. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Hickman's motion to proceed IFP on appeal is construed as a challenge to the district court's certification decision. See id. This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Hickman contends that he is entitled to relief under Rule 60(b) motion because he is a pro se plaintiff with no legal training and he should be held to a less stringent standard with regard to his filings. Hickman asserts that in the spirit of liberally construing pro se pleadings, he believed that his pleadings were correct and timely.

The district court's decision to deny Rule 60(b) relief is reviewed for abuse of discretion. Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996). Rule 60(b)(1) does not provide relief because of a plaintiff's ignorance of the law. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 357 (5th Cir. 1993). Hickman had a duty to inquire about the status of his case and to comply with the district court's order to pay the filing fee or file an IFP application. See Bohlin, 6 F.3d at 357. Accordingly, the district court did not abuse its discretion in denying Hickman's Rule 60(b) motion. See Bohlin, 6 F.3d at 357. Hickman is also incorrect to suggest that his suit, which complained about events occurring in April 2006, cannot be refiled because it is time barred. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

Hickman has not shown that he will present a nonfrivolous issue for appeal. Hickman's IFP motion is DENIED and his appeal is DISMISSED as

frivolous. See Baugh, 117 F.3d at 202; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.