# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 17, 2011

Lyle W. Cayce
Clerk

No. 10-41346
Summary Calendar

MELVIN WILSON,

Plaintiff-Appellant

v.

UNITED STATES PENITENTIARY LEAVENWORTH, Federal Bureau of
Prisons Head Officials; FEDERAL CORRECTIONAL INSTITUTION
BEAUMONT - MEDIUM, Federal Bureau of Prisons Head Officials; UNITED
STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-150

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Melvin Wilson, federal prisoner # 04402-017, appeals the district court's
28 U.S.C. § 1915(e) dismissal, as time barred, of his complaint seeking relief
under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403
U.S. 388 (1971), and the Federal Tort Claims Act (FTCA).  Wilson argues that
the district court erred in dismissing his *Bivens* claims as time barred because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he filed suit within two years of learning that he had sustained an injury due to the defendants' deliberate indifference to his long-term exposure to environmental smoke.

"[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" as frivolous pursuant to § 1915(e). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Review is for abuse of discretion. *Id.*

Wilson's pleadings reflect that he had knowledge that his health had been affected or put at risk by exposure to environmental smoke on or before September 28, 2004 and, thus, the limitation period began to run on that date. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The statute of limitations was tolled while Wilson exhausted his available prison administrative remedies between August 10, 2006, and February 6, 2007. *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999). However, even considering the time that the limitation period was tolled by the pending grievances, Wilson failed to file his *Bivens* complaint within the two year limitation period. *See Gartrell*, 981 F.2d at 256; TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Wilson argues that the limitation periods for both his *Bivens* and FTCA tort claims should have been equitably tolled. The district court's refusal to equitably toll a limitation period is reviewed for abuse of discretion. *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002). Equitable tolling has been granted most frequently when a defendant has actively misled a plaintiff about the cause of action or has prevented him "in some extraordinary way from asserting his rights." *Id.* at 457.

Wilson has not alleged any facts that show that the *Bivens* defendants took any action to preclude him from filing his complaint within the two-year limitation period. His prison grievances were addressed in a timely manner, and he had the opportunity to file suit within the limitation period.

No. 10-41346

With respect to his FTCA claims, Wilson does not dispute that he failed to file his complaint within six months of the July 1, 2008 mailing of the denial of his claims, the statutory limitation period. *See* 28 U.S.C. § 2401(b). However, he argues that the limitation period should be subject to equitable tolling because the Government did not respond to his administrative complaint in a timely manner and because he was subjected to a prison lockdown that precluded his obtaining legal material. Wilson has not alleged any action on the part of a representative of the United States that prevented him from filing his complaint within the six-month limitation period. The officer denying his complaint expressly advised Wilson concerning the limitation period for filing suit and he had an adequate opportunity to do so.

Following the administrative denial of his FTCA claim, Wilson was on lockdown during the six-month limitation period for only one week. His preparation time should not have been lengthy because he had already raised his claims in two administrative proceedings. Wilson has not shown that he acted with due diligence or that the defendant prevented him from filing a timely complaint. The district court did not abuse its discretion in refusing to apply equitable tolling.

AFFIRMED.