# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2015

Lyle W. Cayce
Clerk

No. 14-11339

TODD WAYNE SUMMERS,

Plaintiff-Appellant

v.

UNITED STATES FEDERAL BUREAU OF PRISONS, (BOP), JORGE PARTIDZ, M.D., ROBERTO ACOSTA, HSA; BRIAN ALEXANDER, PA; A. SINAVSKY, M.D.; JANE DOE, MDC Los Angeles; UNITED STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-138

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Todd Wayne Summers, federal prisoner # 11515-091, filed a complaint in which he asserted a claim under the Federal Tort Claims Act (FTCA), as well as claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The action concerned the medical treatment provided to Summers, which culminated in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11339

colon surgery.   The magistrate judge (MJ) dismissed Summers's claims as frivolous and denied his motion to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith.   By moving for IFP status in this court, Summers is challenging the MJ's certification.   *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

A review of Summers's filings reveals no argument that the MJ erred in dismissing his § 1983 and *Bivens* claims.   Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them.   *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).   As Summers fails to identify any error in the MJ's analysis as to these claims, it is the same as if he had not appealed these issues.   *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Summers challenges the district court's determination that his FTCA claim was time barred.   "[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations those claims are properly dismissed" as frivolous.   *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).   The limitations period for an FTCA claim is, as relevant here, six months after the mailing of the denial by the agency presented with the claim.   *See* 28 U.S.C. § 2401(b).

The BOP mailed its denial of Summers's administrative tort claim on January 29, 2013.   Thus, in order to be timely, Summers was required to file his FTCA claim in the district court on or before July 29, 2013.   *See* § 2401.

In determining that the FTCA claim was untimely the MJ looked to the date that Summers's complaint was received by the district court, August 9, 2013.   Summers contends, however, that he deposited his complaint for mailing on July 24, 2013, and that the FTCA claim was timely filed under the prison mailbox rule.   Pursuant to the prison mailbox rule, a pro se prisoner is deemed

No. 14-11339

to have filed a document in federal court when he deposits it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

It cannot be said that it is "clear from the face of [the] complaint" that Summers's FTCA claim is barred by the applicable statute of limitations. *Gartrell*, 981 F.2d at 256. Whether the facts ultimately establish a claim against the United States under the FTCA is not a question to be answered at this stage of the proceedings. *See Howard v. King*, 707 F.2d 215, 220-21 (5th Cir. 1983). Accordingly, Summers's motion to proceed IFP on appeal is granted, and the judgment is vacated with respect to the dismissal, as time barred, of Summers's FTCA claim. The FTCA claim is remanded for further proceedings. The judgment is affirmed with respect to all other issues.

IFP MOTION GRANTED; AFFIRMED IN PART, VACATED AND REMANDED IN PART.