# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 16-30315
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2017

Lyle W. Cayce
Clerk

DAVID A. ABSTON,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; FEDERAL CORRECTIONAL INSTITUTION OAKDALE; C. MARIANO; KERSTIN DUCOTE; JARRYD MAYEAUX; ELIZABETH PERKINS; CAROL AUTIN; KENNETH RUSSELL; PATRICIA BRADFORD; R. CATORIE; UNNAMED S H U STAFF; MARCATEL; J. BANEY; LIEUTENANT DEVILLE; MOORE; SONNIER,

Defendants-Appellees

————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:15-CV-2386

————————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

David A. Abston, federal prisoner # 10069-062, proceeding in forma pauperis (IFP), filed this *Bivens*[1] action alleging events that occurred during

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

his incarceration at FCI-Oakdale in Oakdale, Louisiana.  Abston named the Federal Bureau of Prisons and over a dozen individuals or entities as defendants, alleging that they violated his constitutional rights by failing to protect him from attack by other inmates and by delaying and denying him medical care for his resulting injuries.  The district court dismissed Abston's complaint with prejudice as barred by the statute of limitations and as frivolous as a matter of law under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

"[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" as frivolous.  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Courts may raise the defense of limitations sua sponte in a § 1915 action.  *Id.*  Although a dismissal under § 1915(e)(2)(B)(i) as frivolous is ordinarily reviewed for abuse of discretion, because the district court cited § 1915A and § 1915(e)(2)(B)(i), our review is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Abston argues that the district court erred in dismissing his complaint as time barred.  He contends that because he continues to receive medical treatment, he is still not aware of the extent of his injuries and that the time for filing his lawsuit is tolled.  He asserts that he has one year from the completion of his care to file his lawsuit.

Abston knew of his injury at the time it occurred, and he knew of the connection between the alleged injury and the defendants' conduct.  A claim accrues when a plaintiff has knowledge of injury, not when the plaintiff has knowledge of the nature and extent of damages.  *Gartrell*, 981 F.2d at 257.  Abston's argument that his claim has not yet accrued because he is still receiving medical care and may not yet know the full extent of his injuries is

without merit. The district court did not err in dismissing his complaint as frivolous based on the statute of limitations. *See Geiger*, 404 F.3d at 373; *Gartrell*, 981 F.2d at 256.

Abston's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Abston is informed that the dismissal of this appeal as frivolous and the district court's dismissal count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Abston is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.