# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2024

Lyle W. Cayce
Clerk

—————————

No. 23-30348

—————————

Ladarian Kordell Jackson,

*Plaintiff—Appellant*,

*versus*

Ware Youth Center; Darqwiez Murphy; Raymond Lloyd,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CV-257

———————————————————————

Before Stewart, Clement, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Ladarian Jackson was a sixteen-year-old minor incarcerated at Ware Youth Center, a juvenile detention facility. A few days after his commitment, Plaintiff was allegedly abused by a Ware Youth Center employee and suffered injuries to his forehead and eyes. But Plaintiff did not file his § 1983 lawsuit against the Center and the involved employees until

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

three years after the incident. Under Supreme Court precedent, we find that these claims have prescribed. Accordingly, we affirm.

For § 1983 actions, federal courts borrow the forum state's statute of limitations for personal injury actions. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). And "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

In Louisiana, the general prescriptive period for personal injury actions is one year from the date of damage or injury. LA. CIV. CODE ANN. art. 3492. Here, Plaintiff argues that the district court erred in applying the general statute of limitations to his claim. Instead, he claims that his action warrants a three-year prescriptive period pursuant to Louisiana Civil Code art. 3496.1, which applies to actions against a person for abuse of a minor. Under this statute, "[a]n action against a person for abuse of a minor is subject to a liberative prescriptive period of three years . . . [that] commences to run from the day the minor attains majority." LA. CIV. CODE ANN. art. 3496.1.

For § 1983 claims, *Owens* instructs us to apply the one-year general statute of limitations for personal injury actions. This principle mitigates confusion, as states often have several statutes of limitations for personal injury actions, but only one general or residual statute of limitations for personal injury actions. *Owens*, 488 U.S. at 245–48.

Plaintiff filed his complaint nearly three years after the injury occurred, and nearly two years after he achieved the age of majority. The prescriptive period has expired.

For this reason, we affirm.