# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50329
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2025

Lyle W. Cayce
Clerk

Priscilla Ann Ellis-Erkkila,

*Plaintiff—Appellant*,

*versus*

Magistrate Judge Jeffrey Manske; Magistrate Judge Gilliland; Administrative Courts Counsel; Pamela Bondi, *U.S. Attorney General*; Judicial House & Means Committee; United States Senate Judicial Committee; United States U.S. Marshals; United States FBI (Federal Bureau of Investigation),

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-14

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50329

Priscilla Ann Ellis-Erkkila, federal prisoner # 03260-180, filed a complaint pursuant to 42 U.S.C. § 1983 alleging multiple constitutional violations related to her initial appearance in the Western District of Texas on August 31, 2015, and her later conviction in the Middle District of Florida for conspiracy to commit mail fraud and money laundering in October 2017. The district court dismissed her case as frivolous pursuant to 28 U.S.C. § 1915A. Ellis-Erkkila filed a timely notice of appeal. We review for abuse of discretion. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

Ellis-Erkkila's claims against United States Magistrate Judge Jeffrey C. Manske and Magistrate Judge Derek Gilliland are barred by judicial immunity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Additionally, Ellis-Erkkila has failed to brief, and thus has abandoned, any challenge to the district court's conclusion that the Administrative Courts Counsel, Attorney General Merrick Garland, the Judicial House and Means Committee, the Senate Judicial Committee, the United States Marshals, and the FBI are either not legal entities subject to suit or are protected from suit by sovereign immunity. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993). She has likewise abandoned any challenge to the conclusion that monetary claims against any proper defendants that implicate the validity of her conviction are premature pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and that any claims not barred by immunity or *Heck* are outside the applicable statute of limitations, *see Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). We discern no abuse of discretion.

AFFIRMED.

2