# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-20163
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2025

Lyle W. Cayce
Clerk

Martin Pena, Jr.,

*Plaintiff—Appellant*,

*versus*

Ed Gonzalez, *Sheriff of Harris County*; Joshua Dillard, *Jailer/ Public Servant*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4216

————————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Martin Pena, Jr., Texas prisoner # 2399103, appeals the grant of summary judgment in favor of the defendants of his 42 U.S.C. § 1983 complaint. He argues that the district court erred by concluding that his complaint was time barred. We review a summary judgment de novo, using the same standard as that employed by the district court. *QBE Ins. Corp. v.*

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20163

*Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009). Summary judgment is proper where "competent summary judgment evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 442-43; *see* FED. R. CIV. P. 56(a), (c).

There is no federal statute of limitations for actions brought pursuant to § 1983, so federal courts borrow the personal injury limitations period and tolling provisions of the forum state. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008). "In Texas, the applicable limitations period is two years" from the date on which the cause of action accrues. *Gartrell*, 981 F.2d at 256.; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Pena has not shown that the district court erred by granting summary judgment because there is no genuine issue of material fact that his § 1983 action was filed more than two years after he exhausted the available administrative remedies for the alleged constitutional violation.

AFFIRMED.