United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**September 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40632
Summary Calendar

GERALD CAIN,

Plaintiff-Appellant,

versus

AMBRIZ, Captain; GRIEVANCE STAFF, MCCONNELL UNIT,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-96

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerald Cain, Texas inmate # 812200, appeals the dismissal

of his civil rights action filed under 42 U.S.C. § 1983. Cain

challenges the magistrate judge's determination that he failed to

state a claim of either retaliation or excessive use of force

against defendant Capt. Ambriz. He also challenges the district

court's dismissal without prejudice of his retaliation claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against members of the McConnell Unit grievance staff for failure to state a claim.

On appeal, Cain concedes that he defied repeated requests from Capt. Ambriz that Cain step back into his cell. Cain remained in his doorway and Capt. Ambriz was unable to close Cain's cell door. The action taken by Capt. Ambriz, using his open hand to push Cain's face and force him into his cell, was not objectively unreasonable given Cain's admitted refusal to comply with Capt. Ambriz' requests. We therefore conclude that Cain's allegations did not state a claim for excessive use of force against Capt. Ambriz. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999).

The magistrate judge rejected Cain's claim that Capt. Ambriz's act of striking Cain was a retaliatory act. At his Spears[1] hearing, Cain stated that he did not believe that Capt. Ambriz struck him in retaliation for filing grievances against Capt. Ambriz. Instead, Cain stated that he believed that Capt. Ambriz simply did not like inmates. Because Cain's allegations did not show that Capt. Ambriz intended to retaliate against Cain for exercising a constitutional right, his complaint failed to state a claim of retaliation against Capt. Ambriz. See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).

---

[1] The record on appeal does not contain any tapes or transcripts of the hearing.

The magistrate judge dismissed without prejudice Cain's claims of retaliation against members of the prison unit grievance staff because Cain was unable to identify any individual members of the grievance staff and because his allegations of motive were based solely on his personal beliefs. On appeal, Cain does not argue that the magistrate judge's dismissal of his claims was improper given the information available in the district court. Instead, Cain has named several members of the grievance staff that he considers to be defendants in the case and he has made specific factual allegations relating to those newly-named individuals. The Federal Rules of Appellate Procedure do not permit Cain to amend his original complaint in this appeal. If Cain wishes to make specific allegations of retaliation against individual members of the McConnell Unit grievance staff, he should re-file his claims. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (applicable statute of limitations in Texas is two years).

The dismissal of Cain's complaint for failure to state a claim is AFFIRMED. The district court's dismissal of Cain's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Cain is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

3

**AFFIRMED; SANCTION WARNING ISSUED.**