# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2013

No. 12-11270
Summary Calendar

Lyle W. Cayce
Clerk

MARCUS DWAYNE MAYBERRY,

Plaintiff-Appellant

v.

LARRY ANDERSON, Law Library Supervisor; GARY JOHNSON, Director of
Texas Department of Criminal Justice in 1998; FRANK HOKE, Access to Court
Supervisor; V. BARROW, Assistant Program Manager for Access to Court,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CV-152

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Marcus Dwayne Mayberry, Texas prisoner # 605575, moves to proceed in
forma pauperis (IFP) to appeal the magistrate judge's (MJ) dismissal with
prejudice as frivolous of his 42 U.S.C. § 1983 suit. Mayberry consented to
proceed before a MJ. By moving to proceed IFP, Mayberry is challenging the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

certification by the MJ that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).

On appeal, Mayberry contends that he was denied access to courts because the libraries at the Robertson and Montford Units of the Texas Department of Criminal Justice were inadequate in the following respects. First, he alleges that the Robertson Unit's library did not receive a copy of the Antiterrorism and Effective Death Penalty Act (AEDPA) until March 1997 and that the delay in its receipt of the AEDPA caused his federal habeas petition, filed in March 1997, to be dismissed as time barred. Although his federal habeas petition was dismissed in March 1998, he argues that the statute of limitations for this § 1983 claim began to run in August 2010 when he allegedly discovered the proof necessary to substantiate his claim. The MJ did not abuse his discretion in finding that this denial of access to courts claim was frivolous as it was barred by the applicable statute of limitations. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Gartrell v. Gaylor*, 981 F.2d 254, 256-57 (5th Cir. 1993).

Mayberry also argues that he was denied access to courts because the Montford Unit's library did not have a copy of a particular unpublished opinion from this court. The unpublished opinion was cited by a different MJ in a report recommending the dismissal of Mayberry's Federal Rule of Civil Procedure 60(b) motion as time barred pursuant to Rule 60(c). Mayberry asserts that, without access to that unpublished opinion, he was unable to file objections to the MJ's report and recommendation. Mayberry does not contend, however, that he was denied access to Rule 60(c) or published case law applying Rule 60(c), and Rule 60(c) clearly provides the time limitations for filing a postjudgment motion pursuant to Rule 60(b). To establish a denial of access to courts claim, Mayberry must show that an alleged shortcoming in the prison library hindered his efforts to pursue a legal claim and "the legal claim affected must be one that either directly or collaterally attacks plaintiff's conviction or sentence, or one that challenges the conditions of his confinement." *See Lewis v. Casey*, 518 U.S. 343,

No. 12-11270

351, 354-55 (1996).  As Mayberry did not make such a showing, the MJ also did not abuse his discretion in dismissing Mayberry's denial of access to courts claim relating to the Montford Unit.

Finally, Mayberry's conclusory allegation that V. Barrow fraudulently tried to cover up the fact that the Montford Unit's library did not have a copy of the unpublished opinion is insufficient to establish a constitutional violation. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).  In addition, because for the reasons noted above, we conclude that the MJ did not abuse his discretion in dismissing Mayberry's claims, we need not address his arguments that Gary Johnson and Frank Hoke were personally involved in the alleged constitutional violations.   Nor do we address Mayberry's claims pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), as those claims were not properly raised before the MJ.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). To the extent that Mayberry challenges the 1998 dismissal of his federal habeas petition and the 2011 dismissal of the aforementioned Rule 60(b) motion, those rulings are not before us in this appeal.

We deny Mayberry's motion to proceed IFP on appeal and dismiss his appeal as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  The dismissal of Mayberry's § 1983 action as frivolous and the dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Mayberry is cautioned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal, filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury."  *See* § 1915(g).  Mayberry's motions for relief from judgment and to expand the record are also denied.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.